44. Morbey specifically agreed that the restrictions contained in the Non-Solicitation Agreement "are reasonable, fair and equitable in scope, terms and duration, are necessary to protect the legitimate business interests of the Company and are a material inducement to the Company to enter into an employment relationship with [Morbey]". (Non-Solicitation Agreement at § 3.2).

45. "Restrictive covenants" such as those required by Travelex are common in the industry.

46. The post-employment restrictions contained in the Non-Solicitation Agreement are limited to those reasonable and necessary to protect the legitimate interests of Travelex.

### Morbey's Resignation

47. On August 15, 2007, Morbey resigned her employment from Travelex.

48. At the time of her resignation, Morbey had an exit interview with Kina Lamarche, the Vice President of Trading and Nadia Comegna of Human Resources. During Morbey's exit interview, with Nadia Comegna of Human Resources, Morbey was explicitly reminded of her obligations and responsibilities to Travelex under the Non-Solicitation Agreement.

49. Upon information and belief, after Morbey resigned from Travelex she moved to New York and began working for AFEX in a position substantially similar to the one she held at Travelex.

### Morbey's Breach of the Non-Solicitation Agreement

50. Since joining AFEX, Morbey has contacted at least three clients of Travelex by electronic mail in an attempt to solicit those clients to move their business from Travelex to AFEX.

51. The clients to whom those emails were sent are established clients at Travelex, and have been Travelex clients for more than one year.

52. Morbey interacted with and had business dealings with these clients on behalf of Travelex during the year prior to the termination of her employment.

53. On information and belief, Morbey has solicited, and plans to solicit, other clients of Travelex.

54. Due to the size of the traders' portfolios and the nature of the foreign exchange transactions, Travelex may not be able to immediately discover when a client responds favorably to such a solicitation.

55. Travelex has reassigned certain very active clients for whom Morbey was the account manager, but also has hired three new account managers who still are in the process of being trained, one of whom ultimately will handle the bulk of Morbey's former customers. While that process is taking place, Travelex needs to protect its client base by shielding it from solicitations from Morbey and from AFEX using information provided by Morbey.

56. If Morbey's obvious violation of the Non-Solicitation Agreement is not restrained, Travelex would be subject to a loss of revenue that could total hundreds of thousands of dollars. Furthermore, the damage to Travelex's reputation from losing the clients Morbey has been soliciting is incalculable and irreparable.

57. At the time she resigned, Morbey's took and retained confidential information belonging to Travelex. This information included, but is not limited to, Travelex's confidential client lists.

58. On information and belief, Morbey has downloaded this information onto AFEX's computer system or otherwise provided this information to AFEX and, thus, has disclosed, Travelex's confidential information to AFEX in direct violation of the Non-Solicitation Agreement.

59. AFEX has benefited, and, if not enjoined, will continue to benefit, significantly from this breach of Morbey's agreements with Travelex.

60. Moreover, AFEX is or should be aware that Morbey is subject to the Non-Solicitation Agreement because such agreements are standard in the industry and it is customary for new employers in the industry to be asked if they are bound by such an agreement with the prior employer.

61. Morbey has agreed that, in the event of a breach or threatened breach of the Non-Solicitation Agreement, "damages shall be an inadequate remedy and the Company shall be entitled to injunctive or other equitable relief in addition to all other rights otherwise available to the Company at law or in equity." Non-Solicitation Agreement at § 3.3.

62. If Morbey and AFEX are not enjoined from further solicitation of Travelex's customers and from further distribution and use of Travelex's confidential information, time will pass, and no amount of money damages will effectively compensate Travelex for the damage that Morbey has done, and may continue to do to its business. Morbey's solicitations of Travelex's customers will harm Travelex's customers confidence in Travelex and its ability to

transition Morbey's customers to other traders. It is not possible to measure or quantify this damage.

63. Travelex has no adequate remedy at law.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

64. Travelex repeats and realleges the allegations set forth in paragraphs 1 through 68 as if fully set forth herein.

65. The Non-Solicitation Agreement was a valid agreement entered into between Morbey and Travelex. Travelex has performed all of its duties and obligations under these agreements.

66. Morbey has breached the Non-Solicitation Agreement by soliciting customers of Travelex, despite her agreement that she would not do so for one year after the termination of her employment, and by retaining and disclosing Travelex's confidential and proprietary information.

67. Morbey's breach of contract has caused, and will continue to cause, Travelex to suffer substantial monetary damages, in an amount to be determined at trial, as well as monetary damages that cannot be calculated, and irreparable harm to its business, reputation and goodwill.

### SECOND CAUSE OF ACTION
### (Tortious Interference With Contractual Relations Against AFEX)

68. Travelex repeats and re-alleges the allegations made in paragraphs 1 through 72 above as if fully set forth herein.

69. On information and belief, AFEX, with knowledge of the existence of Travelex's valid contract between Morbey and Travelex, has intentionally procured, and

continues to procure, the breach of (and has interfered, and continues to interfere, with the benefits) of the Non-Solicitation Agreement, and Travelex has been and continues to be harmed thereby.

70.  By virtue of the foregoing, AFEX is liable to Travelex for substantial monetary damages, in an amount to be determined at trial, as well as monetary damages that cannot be calculated, and irreparable harm to its business, reputation and goodwill.

### THIRD CAUSE OF ACTION
(Unfair Competition against AFEX and Morbey)

71.  Travelex repeats and re-alleges the allegations made in Paragraphs 1 through 75 above as if fully set forth herein.

72.  By virtue of the foregoing, AFEX and Morbey have engaged in unfair competition and continue to compete unfairly with Travelex.  The acts of unfair competition include AFEX's misappropriation and exploitation of Travelex's confidential information and customer relationships for its own benefit through the improper actions of Morbey.

73.  AFEX has also engaged, and is continuing to engage, in unfair competition by knowingly permitting Morbey to solicit Travelex's customers for business on behalf of AFEX in violation of the Non-Solicitation Agreement.

74.  Morbey's and AFEX's unfair competition has caused, and will continue to cause, Travelex to suffer substantial monetary damages in an amount to be determined at trial, as well as monetary damages that cannot be calculated, and irreparable harm to its reputation and good will.

WHEREFORE, plaintiff Travelex respectfully demands that this Court issue preliminary and final injunctions against defendants:

(a) enjoining Morbey, until one year from the date of the injunction, or no earlier than August 15, 2008, from directly or indirectly soliciting or handling the business of customers of Travelex, or otherwise seeking to have those customers terminate or in any manner alter their relationship with Travelex;

(b) enjoining AFEX, until one year from the date of the injunction, or no earlier than August 15, 2008, from directly or indirectly soliciting or handling the business of the customers of Travelex, or otherwise seeking to have those clients terminate or in any manner alter their relationship with Travelex;

(c) enjoining Morbey from using or disclosing to anyone Travelex's confidential and proprietary information;

(d) enjoining AFEX from using or disclosing to anyone Travelex's confidential and proprietary information; and

plaintiff Travelex respectfully demands that this Court issue judgment against defendants as follows:

(1) awarding Travelex compensatory damages in an amount to be determined at trial, together with pre-judgment interest;

(2) awarding Travelex its costs and attorneys' fees reasonably incurred in connection with this proceeding;

(3) ordering an accounting of all revenue, commissions, profits or any other financial gain attributable to defendants' unlawful acts as alleged herein; and

(4) granting Travelex such other and further relief as may be just and proper.

Dated: New York, New York  
November 2, 2007

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Donna Marie Werner

Steven M. Post, Esq.  
Donna Marie Werner, Esq.  
Aime Dempsey, Esq.

250 Park Avenue  
New York, NY 10177  
(212) 351-4500

*Attorneys for Plaintiff Travelex Canada Ltd.*