UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TRAVELEX CANADA LIMITED,                              :
                        Plaintiff,      :  07 CV 9747 (GBD)
                                :
           - against -                          :  **STIPULATION AND**
                                :  **ORDER**
LEIGHANNA MORBEY and                              :
AFEX-ASSOCIATED FOREIGN EXCHANGE, INC.      :
                     Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       This Stipulation of Settlement (the "Agreement") is entered into on January 2,

2008 (the "Execution Date") by and between Travelex Canada Limited ("Travelex") and

Leighanna Morbey ("Morbey") and AFEX-Associated Foreign Exchange, Inc. ("AFEX"),

collectively referred to herein as the "Parties."

       **WHEREAS**   on or about November 2, 2007, Travelex initiated a lawsuit by

Order to Show Cause against Morbey and AFEX for, *inter alia*, breach of contract, tortious

interference with contractual relations, and unfair competition, and sought a temporary

restraining order and preliminary injunction (the "Litigation");

       **WHEREAS**   the Parties wish to avoid the cost in time and resources of a

protracted litigation and now desire to resolve all of the claims and controversies among them

relating to the Litigation and, as part thereof, to provide for certain agreements upon certain

terms and conditions;

       NOW THEREFORE, in consideration of the respective agreements, covenants and

promises contained herein and the actions to be taken by the Parties hereto, the sufficiency of

which are acknowledged by the Parties, the Parties agree as follows:

1.    **Payment**    Within five business days of the Execution date, Defendants shall pay to Travelex the sum of $35,000.00, which reflects an agreed settlement amount.  All payments by AFEX and Morbey shall be made by wire transfer to Travelex.

2.    **Certification of Morbey**    Simultaneously with the execution of this Agreement, defendant Morbey will execute a sworn affidavit or certification, in the form attached at Exhibit A,  identifying each and every Restricted Customer, as defined in paragraph 6, with whom she has had any contact since her employment with Travelex terminated through the Execution Date and detailing the date, manner and scope of that contact.

3.    **Certification of AFEX**  Simultaneously with the execution of this Agreement, defendant AFEX will execute a sworn affidavit or certification, in the form attached as Exhibit B stating (i) whether AFEX obtained any work as a result of Morbey's contact with any Restricted Customer ; (ii) if AFEX obtained any work, the nature, scope and extent of such work and the amount charged to the Restricted Customer for such work; and (iii) the commission, if any, earned by Morbey for such work.

4.    **Return of Confidential and Proprietary Information**    On the Execution Date, Morbey and AFEX shall either (i) return to Travelex all confidential and proprietary information, in whatever form or on whatever media it exists, including all copies, belonging to Travelex that Morbey retained or took when she left Travelex, including, but not limited to, all information which she downloaded or printed from her computer at Travelex, including, but not limited to, her customer contact list and any contact information on any Travelex client or customer; or (ii) certify or affirm under oath subject to the laws of perjury that she is not in possession of any written confidential or proprietary information belonging to

2

Travelex, including, but not limited to any written information related to any Travelex customer or client or any contact information for any Travelex customer or client.

5. **Purging of AFEX Computers and Network**

    a.    Within five business days of the Execution Date, AFEX shall permanently purge from all of its computer systems and all other locations in which information and data is stored within AFEX any and all information that Morbey retained, downloaded, printed or otherwise took with her from Travelex when she left the employ of Travelex, in whatever form or on whatever media it exists, including all copies. All such purged information, which is in hard copy form shall be returned to Travelex

    b.    AFEX shall certify to Travelex that it has searched and reviewed all network drives to which Morbey might have saved any information, all lap tops to which Morbey has access and all hard drives to which Morbey might have saved any information, and that either (i) no Travelex information was located or (ii) all Travelex information has been purged from all such locations.

    c.    Notwithstanding paragraphs 5(a) and (b) and 6(a), AFEX may retain on its network drives information related to the business it conducted with the companies identified on Exhibit B and AFEX and Morbey may continue to do business with the companies identified on Exhibit B.

6. **The Non-Solicitation Agreement**

a.    Morbey hereby agrees and covenants that until August 15, 2008, she will not solicit business from any client or customer of Travelex with or for whom she executed any trades within the period of August 16, 2006 through August 15, 2007 (a "Restricted Customer").    The parties agree that for purposes of this paragraph 6, solicitation shall not be deemed to include (i) any commercially reasonable efforts taken by AFEX to gain the business of a Restricted Customer so long as those efforts are not initiated by Morbey or based upon the recommendation of, or with information provided by, Morbey; or (ii) notification by Morbey to a Restricted Customer of her new contact information either in writing using the following language or verbally using substantially similar language:

PLEASE BE ADVISED THAT MY CONTACT INFORMATION HAS CHANGED, AS I AM NO LONGER EMPLOYED BY TRAVELEX CANADA LIMITED.  I CAN NOW BE REACHED AT:
AFEX Associated Foreign Exchange
22 Cortlandt Street, Suite 1633
New York, New York 10007
(212) 520-8356 Direct
(917) 331-6130 Mobile
www.afex.com
lmorbey@afex.com

Any business arising from a Restricted Customer's response to such efforts by AFEX or notification by Morbey shall be permitted.

b.      Travelex has alleged that the Restricted Customers total three hundred fifty-four (354) of which two hundred forty-three (243) were customers in Morbey's portfolio.  For confidentiality purposes Travelex has not provided AFEX or Morbey with a list of these Restricted Customers.  In the event that Morbey solicits a Restricted Customer, she may assert as a defense that she acted in good faith.  This defense, however, can be raised only as a defense to plaintiff's application for attorney's fees or punitive damages but may not be raised as a defense for injunctive relief, compensatory damages or contempt.  Defendants bear the burden of proving good faith.  Travelex does not agree or concede that good faith, even if proven, is a complete or valid defense.

c.      If Morbey solicits a Restricted Customer at any time from the date of this Agreement through August 15, 2008, Travelex shall notify AFEX and Morbey in writing within five (5) business days of learning of such solicitation, (the "Notification Date").  The parties shall then have five (5) business days from the Notification Date to meet and confer as to a remedy for said solicitation, which shall include, but not be limited to, AFEX and Morbey immediately

5

ceasing and desisting from the actions that constituted the

solicitation and from doing business with any Restricted Customer

that was contacted as part of the activity that constituted the

solicitation and disgorging any revenues, profits, and/or

commissions earned by either AFEX or Morbey as a result of said

breach.  If the parties are unable to come to an agreement on the

remedy, Travelex shall have the right to seek legal and/or equitable

relief including but not limited to, an order of contempt, an

injunction and the award of lost earnings or profits and attorneys'

fees.

       7.    **Monitoring**   AFEX shall monitor the activities of Morbey for one year following the Execution Date to ensure that she complies with her obligations under this Agreement and will notify Travelex immediately upon learning of any breach by Morbey of that agreement.  On the first of each month through, and including, August 1, 2008, Morbey shall certify to AFEX that she is in compliance with the Agreement which shall satisfy AFEX's obligations hereunder.  Upon request, AFEX shall provide to Travelex a copy of Morbey's monthly certifications.

       8.    **Filing with the Court**   This Agreement shall be submitted to the Court to be "So Ordered" and shall be filed with the Court and deemed an Order of the Court for compliance and enforcement purposes.

9.     **Authority**   The Parties represent and warrant that they have the authority to enter into the Agreement and to respectively bind Morbey, AFEX and Travelex, respectively, to the terms of the Agreement.

10.     **Releases**

a.     Travelex, for itself, its direct and indirect subsidiaries, parents and affiliated corporations, and all of its predecessors, successors and assigns, and all persons claiming by or through it, including its representative officers, directors, employees, related entities, and attorneys hereby knowingly and voluntarily forever releases, discharges, and covenants not to sue AFEX, and each of its present and former parents, subsidiaries, affiliates, divisions, companies, associations, partnerships, businesses, shareholders,  predecessors, successors and assigns, and each of their present and former directors, officers, attorneys and employees, or Morbey, of, from, and relating to any and all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, judgments, executions, orders and any and all claims, demands and liabilities whatsoever of any kind, whether in law or in equity, which they now have or ever may have had, known or unknown, asserted or not yet asserted, relating to or arising out of any claims asserted in the Litigation.

b.     AFEX, for itself, its direct and indirect subsidiaries, parents and affiliated corporations, and all of its predecessors, successors and assigns, and all persons claiming by or through it, including its representative officers, directors, employees, related entities, and attorneys hereby knowingly and

voluntarily forever releases, discharges, and covenants not to sue Travelex and each of its present and former parents, subsidiaries, affiliates, divisions, companies, associations, partnerships, businesses, shareholders, predecessors, successors and assigns, and each of their present and former directors, officers, attorneys and employees, of, from, and relating to any and all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, judgments, executions, orders and any and all claims, demands and liabilities whatsoever of any kind, whether in law or in equity, which they now have or ever may have had, known or unknown, asserted or not yet asserted, relating to or arising out of any claims asserted in the Litigation.

c.    Morbey, for herself, her current or future spouse, her heirs and representatives, hereby knowingly and voluntarily forever releases, discharges, and covenants not to sue Travelex and each of its present and former parents, subsidiaries, affiliates, divisions, companies, associations, partnerships, businesses, shareholders, predecessors, successors and assigns, and each of their present and former directors, officers, attorneys and employees, of, from, and relating to any and all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, judgments, executions, orders and any and all claims, demands and liabilities whatsoever of any kind, whether in law or in equity, which she now have or ever may have had, known or unknown, asserted or not yet asserted, relating to or arising out of any claims asserted in the

8

Litigation, and/or any agreement between Morbey and Travelex. Morbey further waives any claims she may have against Travelex in connection with her employment or the termination of her employment with Travelex, including, but not limited to any claims under any Ontario law or any claims under any U.S. state or federal labor law, wage law, discrimination law or civil rights law.

11.     The releases in paragraph 11 shall not be effective until this Agreement is signed by the Court and the Stipulated Order of Dismissal is entered by the Court.

12.     The Parties agree that the execution of this Agreement and the negotiations relating thereto shall not be construed or treated as an admission of liability on the part of either of the Parties.

13.     This Agreement shall inure to the benefit of and be binding upon the Parties, their agents and their respective successors and assigns.

14.     The Parties agree to cooperate in good faith to effect all of the terms of this Agreement and the execution and delivery thereof.

15.     This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior and contemporaneous promises, representations and agreements, oral, implied, or written. Any modification of this Agreement must be in writing and signed by each party or it shall not be effective.

16.     This Agreement is governed by and shall be construed in accordance with New York law, without regard to its choice of law principles.

17.     This Agreement may be signed in counterparts, each of which will be deemed an original. Facsimile signatures affixed hereto shall be binding on all Parties.

18.    If any part, term or provision of this Agreement is held by a court to be invalid, illegal, unenforceable, against public policy or otherwise in conflict with law, such part, term or provision shall be replaced by the parties, negotiating in good faith, or, in the event that the parties cannot agree, then by the court, to conform as closely as possible to the intended effect of the invalid, illegal, or unenforceable part, term, or provision and, as so adjusted, the part, term or provision shall be deemed a part term or provision of this Agreement as though originally included herein.  In the event that the part, term or provision is held by a court to be invalid, illegal, unenforceable or otherwise in conflict with law and is not susceptible to being conformed to comply with the requirements for validity, then such part, term or provision shall be deemed inoperative and void insofar as it is in conflict with law, but the validity of the remaining parts, terms or provisions shall not be affected and the rights and obligations of the parties shall be construed and enforced as if this Agreement did not contain the particular part, term or provision held to be invalid.

19.    The Parties each acknowledge and confirm that hey have consulted with and have been duly represented by legal counsel of their own choice, that they fully understand the terms and conditions contained herein, and that they are entering into this Agreement knowingly and voluntarily.

20.    Service of all notices under this Agreement shall be deemed to be duly given or made when faxed and mailed by certified mail, return receipt requested, or delivered by internationally recognized overnight delivery company to the following:

For Travelex

Dodi Robbins, Esq.
Travelex Canada Ltd.
100 Yonge Street, 15th Floor
Toronto, CN M5C 2W1

With a Copy to

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177
Attn: Steven M. Post, Esq.

For AFEX

Mr. Jan Vlietstra
Chief Executive Officer
AFEX-Associated Foreign Exchange, Inc.
16133 Ventura Boulevard
Suite 900
Encino, California 91436      Fax: (818) 337-0399

For Morbey

Ms. Leighanna Morbey
AFEX-Associated Foreign Exchange, Inc.
22 Cortlandt Street, Suite 1633
New York, New York 10007

With a Copy to:

SILVER & FREEDMAN, APLC
2029 Century Park East, 19th Floor
Los Angeles, CA  90067
Attn: Bess Blank, Esq.
Fax: (310) 282-2500

**IN WITNESS WHEREOF,** the parties have caused this Agreement to be duly executed by their representatives as of the date written above (the "Effective Date").

**TRAVELEX CANADA LIMITED.**

By: _____

Name: *KING LAMARCHE*

Title: *VP, Dealing Sales*

**AFEX-ASSOCIATED FOREIGN EXCHANGE INC.**

By: _____

Name:

Title:

**LEIGHANNA MORBEY**

By: _____

SO ORDERED:

_____
**HON. GEORGE B. DANIELS**
United States District Judge

12

**IN WITNESS WHEREOF,** the parties have caused this Agreement to be duly executed by their representatives as of the date written above (the "Effective Date").

**TRAVELEX CANADA LIMITED, INC.**

By: _____

Name:

Title:

**AFEX-ASSOCIATED FOREIGN EXCHANGE INC.**

By: _____

Name: JAN VLIETSTRA

Title: CEO

**LEIGHANNA MORBEY**

By: _____

SO ORDERED:

_____
**HON. GEORGE B. DANIELS**
United States District Judge

12

EXHIBIT A TO
STIPULATION OF SETTLEMENT

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TRAVELEX CANADA LIMITED,                                   :
                                        Plaintiff,         :
                                                           :
        - against -                                        :
                                                           :
LEIGHANNA MORBEY and                                       :
AFEX-ASSOCIATED FOREIGN EXCHANGE, INC.                     :
                                        Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LEIGHANNA MORBEY being duly sworn, deposes and says:

1. I am a defendant in the above captioned action.  I make this sworn affidavit subject to the

laws of perjury in connection with the execution of the Stipulation of Settlement in this action.

2. Listed below is each and every Restricted Customer of Travelex with whom I have

initiated any contact since becoming employed by AFEX-Associated Foreign Exchange, Inc.

("AFEX"):

| NAME OF CLIENT | INDIVIDUAL CONTACTED | DATE OF CONTACT | MANNER OF CONTACT (i.e. email, telephone) | CORRESPONDENCE ATTACHED (YES/NO) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

| | | | | |
|---|---|---|---|---|
| | | | | |

3. I affirm under the laws of penalty of the State of New York that the above is a complete listing of the Restricted Customers of Travelex with whom I have initiated contact since becoming employed by AFEX.  Should I become aware that any Travelex customer or client was omitted from the above list, I will promptly submit a supplemental affidavit.


                                          _____

                                          LEIGHANNA MORBEY

Sworn to before me this
    day of January, 2008

_____
     Notary Public

EXHIBIT B TO
STIPULATION OF SETTLEMENT

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TRAVELEX CANADA LIMITED,                  :
                                          :
                    Plaintiff,            :
                                          :
            - against -                   :
                                          :
LEIGHANNA MORBEY and                      :
AFEX-ASSOCIATED FOREIGN EXCHANGE, INC.    :
                    Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

_____being duly sworn, deposes and says:

1. I am a [title] of defendant AFEX-Associated Foreign Exchange, Inc. ("AFEX") in the above captioned action.  As a duly authorized officer of AFEX, I make this sworn affidavit subject to the laws of perjury in connection with the execution of the Stipulation of Settlement in this action (the "Stipulation").

2. As required by paragraph 3 of the Stipulation, listed below is each and every Restricted Customer of Travelex from whom, solely as a result of contact initiated by Leighanna Morbey, AFEX has obtained work or to whom AFEX has provided any services:

| NAME OF CLIENT | NATURE AND SCOPE OF SERVICES PROVIDED | DATE OF SERVICES PROVIDED | AMOUNT INVOICED OR BILLED BY AFEX TO CUSTOMER | COMMISSION EARNED BY AFEX AND/OR MORBEY FOR SERVICES TO CUSTOMER |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

3. I affirm under the laws of penalty of the State of New York that the above is a complete listing of the Restricted Customers of Travelex to whom AFEX provided services as a result of contact initiated by defendant Leighanna Morbey. Should AFEX become aware that any Travelex customer or client was omitted from the above list, it will promptly submit a supplemental affidavit.

_____

Sworn to before me this
    day of January, 2008

_____
    Notary Public

- 2 -

# EXHIBIT B

| Name of Client | Nature and Scope of Services Provided | Date of Services Provided | Amount Invoiced or Billed By AFEX To Customer | Commision Earned by Afex And/or Morbey for Services to Customer |
|---|---|---|---|---|
| Atlantic Business Organization Corp./ Better Homes | Spot Transaction | 10/24/2007 | $ 100,000 | 510 |
| Combat Batteries | Signed Account Application - Acct Setup | 10/5/2007 | $ - | - |
| Express.Jet Airlines, Inc. | Spot Transaction | 9/26/2007 | $ 65 | (0) |
| Express.Jet Airlines, Inc. | Spot Transaction | 10/4/2007 | $ 336,230 | 1,011 |
| Express.Jet Airlines, Inc. | Spot Transaction | 10/24/2007 | $ 691 | 12 |
| Express.Jet Airlines, Inc. | Spot Transaction | 11/14/2007 | $ 300,870 | 470 |
| Express.Jet Holdings, Inc. | Spot Transaction | 9/26/2007 | $ 25,075 | 372 |
| Express.Jet Holdings, Inc. | Spot Transaction | 9/26/2007 | $ 75,186 | 1,117 |
| Express.Jet Holdings, Inc. | Spot Transaction | 10/30/2007 | $ 33,588 | 436 |
| Express.Jet Holdings, Inc. | Spot Transaction | 10/30/2007 | $ 74,120 | 1,118 |
| Family Stations , Inc. | Spot Transaction | 10/25/2007 | $ 384,145 | 268 |
| Family Stations , Inc. | Spot Transaction | 10/30/2007 | $ 27,327 | 42 |
| Family Stations , Inc. | Spot Transaction | 11/1/2007 | $ 157,773 | 113 |
| Family Stations , Inc. | Spot Transaction | 11/6/2007 | $ 910 | 1 |
| Family Stations , Inc. | Spot Transaction | 11/6/2007 | $ 3,656 | 5 |
| Family Stations , Inc. | Spot Transaction | 11/6/2007 | $ 14,069 | 21 |
| Family Stations , Inc. | Spot Transaction | 11/8/2007 | $ 9,103 | 607 |
| Harris-Bruno | Signed Account Application - Acct Setup | 11/5/2007 | $ - | - |
| Mistral LLC | Spot Transaction | 9/18/2007 | $ 101,811 | 88 |
| Simduct, Incorporated | Spot Transaction | 10/5/2007 | $ 82,537 | 333 |
| Steule Meditech, Inc. | Spot Transaction | 10/16/2007 | $ 142,000 | 400 |
| Steule Meditech, Inc. | Spot Transaction | 10/22/2007 | $ 142,000 | 500 |
| Wedde Industries | Spot Transaction | 11/1/2007 | $ 92,080 | 770 |
| Wedde Industries | Spot Transaction | 11/5/2007 | $ 92,080 | 70 |
| Wedde Industries | Spot Transaction | 11/9/2007 | $ 91,440 | 150 |
| Wedde Industries | Spot Transaction | 11/14/2007 | $ 95,136 | 169 |
| XJT México Inc. | Spot Transaction | 10/24/2007 | $ 770 | 27 |
| XJT México Inc. | Spot Transaction | 11/7/2007 | $ 8,050 | - |